# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:16CR00015 |
| v. | **OPINION AND ORDER** |
| **COLIN HAWKINS,** | By: James P. Jones |
| Defendant. | United States District Judge |

*Colin Hawkins, Pro Se Defendant.*

The defendant, proceeding pro se, seeks a new trial based on newly discovered evidence. For the following reasons, the motion will be denied.

I.

The defendant, Colin Hawkins, was charged in this court by indictment with mailing from prison a threatening communication to his former attorney, in violation of 18 U.S.C. § 876(c). On October 27, 2016, after a trial at which Hawkins represented himself, a jury found him guilty. On December 2, 2016, the court sentenced Hawkins to a term of imprisonment of forty-eight months. The Fourth Circuit affirmed. *United States v. Hawkins*, No. 16-4808, 2017 WL 3575243 (4th Cir. Aug. 18, 2017).

On September 18, 2017, Hawkins filed a motion for a new trial based on newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

II.

Federal Rules of Criminal Procedure provide that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Under Rule 33, one way a defendant may move for a new trial is based upon newly discovered evidence, as long as such motion is filed within three years after a guilty verdict. Fed. R. Crim. P. 33(b)(1). A court "should exercise its discretion to grant a new trial sparingly," and "it should do so only when the evidence weighs heavily against the verdict." *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003) (internal quotation marks and citations omitted).

In determining whether a new trial should be granted based on newly discovered evidence, the Fourth Circuit applies a five-part test: (1) the evidence must be newly discovered; (2) the defendant used due diligence to discover the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in acquittal at a new trial. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989). "Unless the answer to each of these inquiries is affirmative, a new trial is not appropriate." *Id.*

In his motion, Hawkins presents as newly discovered evidence an envelope post-marked return to sender, which was sent by Hawkins and stamped by the prison mail room using the "Special/Legal Mail" stamp. *See* 28 C.F.R. § 540.18 (requiring prison staff to place a specific stamp on the back of an inmate's outgoing special mail). He argues that because the envelope in which he sent the offending letter to his former attorney was not marked with the same requisite mail room stamp, this demonstrates the letter was never processed through the mail room as the government alleged at trial. Hawkins claims this "new" evidence shows that he "actually mailed his legal mail from his prison cell while under the influence," which is the same defense he presented at trial. Mot. for New Trial, 4, ECF No. 126. Hawkins further claims that this evidence would "prove that . . . officer Pennington and officer Hudson gave false and misleading testimony under oath at trial and that the prosecutor . . . misled the jury. *Id.*

I find that this evidence does not satisfy the five-part test to determine whether newly discovered evidence warrants a new trial. First, this evidence is not "newly discovered." At any point in time leading up to the trial, Hawkins could have acquired an envelope stamped with the "Special/Legal Mail" stamp just as easily as he did for the purposes of this motion.

Moreover, this evidence would not likely result in an acquittal at a new trial. During the trial, the government's evidence showing that Hawkins was not

intoxicated and had the requisite intent to commit the crime included his neat handwriting and logical organization of the letter, as well as the fact that Hawkins chose to mark the letter as "Legal Mail," thereby avoiding inspection by prison correctional officers. Trial Tr. 71, ECF No. 121. Significantly, the envelope housing the letter was admitted into evidence. This envelope included Hawkins's name, inmate number, and return address. The government argued that Hawkins would not have included these identifying and incriminating marks if mail room procedures had not required him to do so. In addition, the government argued that there was "no evidence that Mr. Hawkins was actually drinking in October of 2015." *Id.* at 77. Indeed, the evidence presented at trial to prove intent and negate Hawkins's intoxication argument was not limited to mail room procedures and whether or not Hawkins took the letter to the mail room. The evidence of Hawkins's guilt from other sources was overwhelming. Even assuming for the purposes of analysis that the evidence presented by Hawkins is "newly discovered," I find that such evidence would probably not result in an acquittal or "weigh[] heavily against the verdict."[1] *Perry*, 335 F.3d at 320.

---

[1] Because I find that the evidence presented by Hawkins is not "newly discovered" and would not probably result in an acquittal, it is not necessary for me to address the other inquiries in the five-part test. For a new trial to be appropriate, the answer to *each* of the inquiries must be affirmative. *See Chavis*, 880 F.2d at 793 (emphasis added).

IV.

For the foregoing reasons, it is **ORDERED** that the Motion for a New Trial (ECF No. 126) is DENIED.

        ENTER: October 2, 2017

        /s/ James P. Jones
        United States District Judge