IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | )    Case No. 1:16CR00015 |
| v. | ) |
| | )    **OPINION AND ORDER** |
| **COLIN HAWKINS,** | ) |
| | )    J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| Defendant. | ) |

*Colin Hawkins, Pro Se Defendant.*

Colin Hawkins, a federal inmate sentenced by this court, has filed a pro se "Motion to Correct a Clerical Error" in his Presentence Investigation Report (PSR) pursuant to Federal Rule of Criminal Procedure 36. The motion will be denied.

The defendant was charged in this court by Indictment with mailing from prison a threatening communication to his former attorney, in violation of 18 U.S.C. § 876(c).[1] Hawkins represented himself at trial and the jury found him guilty. On December 2, 2016, the court sentenced Hawkins to a term of imprisonment of 48 months. The Fourth Circuit affirmed. *United States v. Hawkins*, 695 F. App'x 720 (4th Cir. 2017) (unpublished), *cert. denied*, 138 S. Ct. 1031 (2018).

---

[1] Hawkins sent a letter on October 28, 2015, to the attorney stating that he was going to send his "homies" to beat him to death "because of your stupid shit you did." Indictment 1, ECF No. 2. Hawkins did not deny that he had written the letter, but simply claimed that he had written it while drunk and "stressed out." Sent'g Tr. 14–15, ECF No. 120.

Hawkins contends that two of his prior convictions used in the calculation of his Criminal History Category at sentencing should not have been included because they were not imposed within 10 years of the commencement of his instant offense. Even if this were correct, it is not a "clerical error" within the meaning of Rule 36. *United States v. Hawkins*, No. 2:10CR0004-001, 2022 WL1085621, at *2 (W.D. Va. Apr. 11, 2022).

Moreover, assuming that the criminal history points for these two convictions had not been used, it would have only reduced Hawkins' Criminal History Category from V to IV because of his numerous prior convictions. Presentence Investigation Report ¶ 40, ECF No. 109. The court imposed an upward variant sentence of 48 months, far above the advisory guideline ranges of 15 to 21 months for Category V and 10 to 16 months for Category IV. *Id*. ¶ 56. Accordingly, Hawkins' ultimate sentence was not affected.

For the foregoing reasons, it is **ORDERED** that the Motion to Correct a Clerical Error, ECF No. 133, is DENIED.

ENTER: August 1, 2022

/s/ JAMES P. JONES
Senior United States District Judge